REYNALDO G. GARZA, Circuit Judge,
dissenting:
I respectfully dissent. Any reasonable person would believe that an agreement to “binding” arbitration means that any resulting damages would be enforceable and collectable. Otherwise, why agree to arbitrate? Moreover, when the other side argues below that there will be no irreparable injury because damages will be sufficient, any reasonable person would take this as indicating that damages will be *659 collectable. For how can it be that damages which cannot be collected repair any injury? Because the majority reaches a conclusion contrary to such reasonable expectations, I dissent.
What the majority forgets to note is that the purpose of arbitration is to provide participants with a speedy and effective alternative to the courts, which in turn relieves courts of some of the burden of their ever increasing caseload. Today’s decision will provide a disincentive to enter into arbitration, which will mean that cases such as these must be tried in state and federal court. I repeat: who will enter into binding arbitration if it is not truly binding? The Hospital’s consent to binding arbitration would lead any reasonable party to believe that any resulting award could be enforced, including, through the seizure of assets upon the hospital’s refusal to pay. What is more, the Hospital failed to argue below that state law prevented any such seizure. Instead the Hospital, quite to the contrary, argued that monetary damages alone would be adequate, not that an arbitral award could not be enforced. This reinforced the reasonable assumption the parties were clearly operating under, namely that the arbitral award could be enforced. Under these circumstances, I would find that the state anti-seizure law argument was waived.
This is all particularly troubling where it is the Hospital that demanded arbitration, perhaps knowing full well that any agreement would not be enforced. The Hospital makes a mockery of the arbitration proceedings by, after reaching an arbitral agreement, raising the state law defense to avoid paying the agreed-upon amount.
I also find that the Hospital’s conduct was so inconsistent with the intent to enforce the anti-seizure provisions as to induce the reasonable belief that the right had been relinquished. This would be a waiver under Louisiana law. The majority notes that all the Hospital argued was that any contract damages would be easily quantifiable, and therefore not irreparable, not that any such damages would be enforceable or collectable. I would find, as the majority hints, that an inability to collect on a money judgment would suffice to make an injury irreparable. Therefore, when the Hospital argued below that the injuries in question were not irreparable, any reasonable party would take this as a statement that any damages would be collectable.
To conclude, I note that a Louisiana lawyer sitting as a federal judge decided this issue of Louisiana law, and I would defer to his judgment on this matter.